O

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SVETLANA RYBALNIK,<br><br>    Plaintiff,<br>    v.<br><br>WILLAIMS LEA INC., RICHARD GONZALES, and DOES 1–20, Inclusive,<br><br>    Defendants. | Case No. 2:12-cv-04070-ODW (AGRx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** |

## I.     INTRODUCTION

The Court has received Defendant Williams Lea, Inc.'s Notice of Removal. (ECF No. 1.) Having carefully considered the papers filed in conjunction with Defendant's Notice, the Court concludes that it lacks subject-matter jurisdiction over this case. Thus, the case is **REMANDED** to the Los Angeles Superior Court.

## II.     FACTUAL BACKGROUND

On April 10, 2012, Plaintiff Svetlana Rybalnik filed this wrongful-termination action in Los Angeles Superior Court. Rybalnik's state-court Complaint asserted 12 causes of action stemming from Williams Lea's termination of her employment following complications related to a uterine-bleeding disability. Specifically, Rybalnik alleges she began working as an imaging operator for Williams Lea in 2006 as a result of Williams Lea's acquisition of Rybalnik's prior employer. She asserts that a 2009 a change in management at Williams Lea created a strenuous working

environment that ultimately led to Rybalnik's visiting the emergency room on December 24, 2009. Around the same time, Rybalnik's supervisor gave her an allegedly unsubstantiated "first and last warning," which exacerbated her already fragile mental condition.

In early January 2010, Williams Lea assigned Rybalnik to move heavy boxes despite its knowledge that she suffered from uterine bleeding that prevented her from performing heavy lifting. Rybalnik subsequently took disability leave when her condition worsened, but was forced to return to work by March 3, 2010, under threat of termination. Rybalnik alleges she was then summarily terminated in November 2010 following another disability leave from May 2010 to June 2010.

In March 2011, Williams Lea offered Rybalnik the opportunity to temporarily return to the company from March 2011 through August 2011, with hours from 3:00 pm to 10:00 pm. Rybalnik agreed, but made a point to remind Williams Lea of her continuing health issues. But in April 2011, Williams Lea's manager, Richard Gonzalez, informed Rybalnik that Williams Lea was changing her work schedule and that she would have to come in the following day at 9:00 am. When Rybalnik responded that she had a doctor's appointment the following morning to treat her uterine bleeding but could come in at 9:00 am the following day, Gonzales informed her that she had to come in anyway. Rybalnik contends Williams Lea terminated her after she contacted human resources to discuss this issue.

Rybalnik's state-court Complaint seeks unspecified general damages, compensatory damages, lost wages, restitution, punitive damages, and attorney's fees, as well as injunctive relief. Williams Lea timely removed the action to this Court on May 10, 2012, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332 because Williams Lea is diverse from Rybalnik, non-diverse Defendant

/ / /

/ / /

/ / /

Richard Gonzales was fraudulently joined,[1] and the amount in controversy exceeds $75,000.

## III.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress.  U.S. Const. art.  III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or where diversity of citizenship exists under 28 U.S.C. § 1332.  To exercise diversity jurisdiction, a federal court must find complete diversity among the adverse parties, and the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  Where a plaintiff does not specify a particular damages figure in the state-court complaint, the removing defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds $75,000.00.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  Evidence a court may consider includes "facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

---

[1] Because the Court finds that Williams Lea has not established the requisite amount in controversy, it will not address this argument.

Additionally, in determining the amount in controversy, the Court may include the request for punitive damages and emotional distress damages if they are recoverable under the applicable law. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 947 (9th Cir. 2001); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033–34 (N.D. Cal. 2002). California law allows the recovery of punitive damages based on claims for violations of FEHA, wrongful termination, and intentional infliction of emotional distress. *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 176 (1980); *Simmons*, 209 F. Supp. 2d at 1033. To establish emotional distress and punitive damages, "defendant may introduce evidence of jury verdicts in cases involving analogous facts." *Simmons*, 209 F. Supp. 2d at 1033.

Finally, in ordinary diversity cases, a request for attorney's fees cannot be included in the jurisdictional amount unless an underlying statute authorizes an award of attorney's fees. *Lowdermilk*, 479 F.3d 994, 1000 (9th Cir. 2007) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998)). But even when including attorneys' fees, a court "cannot base [its] jurisdiction on Defendant's speculation and conjecture." *Lowdermilk*, 479 F.3d at 1002. Ultimately, the defendant must overcome "the strong presumption against removal jurisdiction" by "setting forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds" the required $75,000. *Gaus*, 980 F.2d at 567.

### IV. DISCUSSION

Rybalnik's state-court Complaint did not specific the damages she seeks. Therefore, as the proponent of federal jurisdiction, Williams Lea must establish by specific facts or summary-judgment-like evidence, or both, that it is more likely than not that the amount in controversy exceeds $75,000 in this case.

The Court does not quarrel with Williams Lea's estimation that Rybalnik's lost wages could weigh in around $17,372.10. (*See* Notice of Removal 10.) The Court does, however, find fault with the sufficiency of the facts and evidence submitted in support of Williams Lea's contention that Rybalnik's emotional distress damages,

1  punitive damages, and attorney's fees could boost the amount in controversy in this
2  case past $75,000.
3       Williams Lea correctly notes that the Court may consider the aggregate value of
4  claims for lost wages, emotional-distress damages, punitive damages, and attorneys'
5  fees to determine the jurisdictional amount.  But Williams Lea does not present any
6  "underlying facts supporting its assertion that the amount in controversy exceed[ed]"
7  $75,000, *Gaus*, 980 F.2d at 567.  Instead, Williams Lea cites one case where a jury
8  awarded $500,000 in emotional-distress damages for disability discrimination,
9  *Espinosa v. County of Orange*, No. 30200800110643, 2009 WL 6323832, at * 1 (Cal.
10 Super. Ct. Oct. 8, 2009), and one case where a jury awarded $52,000 in punitive
11 damages as a result of disability discrimination, *Amigon v. Cobe Color Cosmetics*, No.
12 BC 378685, 2009 WL 7497138, at *1 (Cal. Super. Ct. Apr. 15, 2009).  Williams Lea
13 then quotes from a single case noting that "attorneys' fees in individual discrimination
14 cases often exceed the damages."  *Simmons*, 209 F. Supp. 2d at 1035.
15      Williams Lea's failure to connect the factual circumstances of the cases it cites
16 to the facts of Rybalnik's case renders its bald citations to those cases meaningless.
17 Absent explanation how those cases represent conduct analogous to the conduct
18 Williams Lea allegedly directed at Rybalnik, the Court can only speculate whether
19 Rybalnik could draw similar damages awards here sufficient to meet the amount in
20 controversy required to sustain this Court's exercise of diversity jurisdiction.  Simply
21 put, merely pointing to cases where juries have awarded hefty damages sums in the
22 past without further explanation (by facts or evidence) how the facts in those cases
23 compare to the facts presented here is entirely insufficient to meet Williams Lea's
24 burden to establish the amount in controversy by a preponderance of the evidence.
25      Because the finds that Williams Lea has not met its burden on removal to
26 establish that the amount in controversy in this case exceeds $75,000, the Court must
27 reject federal jurisdiction over this action.
28 / / /

## V. CONCLUSION

For the reasons discussed, the Court **REMANDS** this case to the Los Angeles County Superior Court. Williams Lea's pending Motion to Amend Answer (ECF No. 15) is therefore **DENIED AS MOOT**. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

October 4, 2012

_____
**HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**